## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Mary Vest                                         : | |
| 21601 Captain Covington Place | |
| Upper Marlboro, MD 20772                          : | |
| | |
| Plaintiff,                                 : | |
| | |
| v.                                                : | Case No. 1:23-cv-00274-TDC |
| | |
| State of Maryland                                 : | |
| Serve:  Nancy K. Kopp, Treasurer | |
| 80 Calvert Street; Room 109                       : | |
| Annapolis, MD 21401 | |
| | |
| and                                               : | |
| | |
| Trooper Kashef Khan                               : | |
| c/o MD State Police – Forestville Barrack | |
| 3500 Forestville Road | |
| Forestville, MD 20747                             : | |
| | |
| Defendants.                                : | |

### **AMENDED COMPLAINT**

COMES NOW Plaintiff, Mary Vest, through counsel, and brings this amended action against Defendants for damages, stating as follows:

### **Jurisdiction and Venue**

1. Jurisdiction is invoked pursuant to Sections 1-501 and 6-103 of the Annotated Code of Maryland, Courts and Judicial Proceedings. On or about July 21, 2020 Plaintiff provided notice of her claims to the Maryland State Treasurer in accordance with the Maryland Tort Claims Act.

2. Venue is proper in this Court because the actions complained of occurred in Prince George's County, Maryland.

## Parties

3. Plaintiff, Mary Vest ("Vest") is and was at all times relevant herein an adult resident of Prince George's County, Maryland. She is African-American.

4. Defendant, State of Maryland, is the employer of the state trooper involved in the subject incident and is liable for its employee's torts.

5. Defendant, Kashef Khan ("Khan"), upon information and belief, was a state trooper employed with the Maryland State Police at its Forestville Barracks and, at all times relevant herein, he acted within the scope of his employment and under color of Maryland state law. He is being sued in his individual and official capacities.

## Statement of Facts

6. On or about July 21, 2019 at approximately 1:45 a.m. Ms. Vest was driving home from an event when Trooper Khan stopped her in the area of southbound 301/Crain Highway and Marlboro Pike Road, in Forestville, Maryland.

7. Trooper Khan falsely accused Ms. Vest of speeding at 100 mph and driving under the influence of alcohol. Ms. Vest denied she had been drinking alcohol at an event that night, and Trooper Khan did not smell any odor of alcohol emitting from her as they spoke to each other in close proximity.

8. Ms. Vest also advised Trooper Khan that she is an officer employed by the Metropolitan Police Department ("MPD") in Washington, D.C., and she provided him with her identification, as well as showed him her police badge and credential card. Trooper Khan returned to his vehicle to check Ms. Vest's identification.

9. Upon returning to Ms. Vest's vehicle, Trooper Khan asked her if she had a ride

-3-

home, and she responded that she had a friend following her home from the event. Trooper Khan permitted her to telephone her friend to come to the area to pick her up.

10. When Ms. Vest's friend arrived in the area, he parked some distance away and walked to the area where Ms. Vest was pulled over. Ms. Vest's friend confirmed to Trooper Khan that she did not drink any alcohol at the event, and offered to drive her vehicle, call an Uber to take her home, or drive her home in his car. Trooper Khan declined all options offered and told Ms. Vest's friend to leave the area; he complied.

11. Trooper Khan then insisted that Ms. Vest take a breathalyzer test, which she refused to do on the scene because she could not trust Trooper Khan's reading of the test since he had already falsely accused of her of speeding and driving under the influence of alcohol.

12. Trooper Khan then required that Ms. Vest take a field sobriety test, and she fully complied after advising him that she had a medically-placed rod and screws in her right leg.

13. Trooper Khan then arrested Ms. Vest, claiming that she failed the field sobriety test, and he transported her to the Forestville Barrack.

14. At the Forestville Barack Ms. Vest advised Trooper Khan that she would take the breathalyzer test there, hoping someone other than Trooper Khan would administer and read the test results.

15. Trooper Khan told her that she would be administered the test after her MPD official from Internal Affairs Division ("IAD") arrived at the station. However, after the IAD official arrived, Trooper Khan advised that the breathalyzer test would not be administered to Ms. Vest. Eventually Ms. Vest was released from custody to her IAD official.

-4-

16. On December 10, 2019 Ms. Vest appeared for a hearing before the Maryland Motor Vehicle Administration concerning suspension of her driver's license. She was found not guilty of the alleged violations, and her license was returned to her the same day with all privileges restored.

17. Trooper Khan criminally charged Ms. Vest with several motor vehicle violations, including speeding, driving while under the influence of alcohol, driving while impaired by alcohol, driving vehicle in excess of reasonable speed, and negligent driving.

18. On July 12, 2021 the State's Attorney entered a *nolle prosequi* to all charges Trooper Khan lodged against Ms. Vest.

19. Around the time of the events herein, Trooper Khan was reportedly number one in Prince George's County and number two in the state of Maryland for the number of arrests he made for driving under the influence of alcohol and other alcohol-related offenses, and he has received accolades from both the county and state for his arrests.

20. However, a review of Trooper Khan's arrests over a 14-month period from June 2019 through August 2020 show that he has been targeting African Americans, like Ms. Vest, and members of other minority groups for arrests for alcohol-related offenses. Of the approximately 80 arrests made by Trooper Khan, approximately 75 arrestees were African American and/or of African descent, 14 were of Hispanic descent, 1 of Indian descent, and no Caucasians.

21. Other state troopers engaged in DUI enforcement work have also targeted African American and other minority groups to arrest for alcohol-related offenses. In the quest to make arrests some troopers have falsified records, and at least one state trooper was found guilty of perjury in August 2020.

22. Defendant State of Maryland knew or should have known, and/or condoned the

foregoing discriminatory arrest practice, policy, or customs to the detriment of African Americans and other minorities who live, work, and/or travel through Prince George's County.

23. Defendants' aforesaid actions were racist, extreme, malicious, outrageous, humiliating, and intimidating, and did cause emotional, and mental distress to Plaintiff.

24. The aforesaid actions of Trooper Khan were conducted under color of state law while he was acting as an employee servant and/or agent of the State of Maryland.

### Count I – Violation of Maryland Declaration of Rights
**(All Defendants)**

25. Plaintiff incorporates by reference paragraphs 8-24 as if fully set forth herein.

26. During all of his interactions with Plaintiff on July 21, 2019, Defendant Khan was acting as an employee of the State of Maryland and under color of state law, including statutes, ordinances, regulations, customs and policies of his employer.

27. Defendants caused Plaintiff to be unlawfully arrested and maliciously prosecuted, without probable cause, in violation of Article 26 of the Maryland Declaration of Rights.

28. As a direct and proximate result of the actions of Defendants, Plaintiff suffered discomfort, distress and loss of liberty; and has suffered and will continue to suffer psychological harm, mental anguish, including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, and maliciously prosecuted.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. compensatory and punitive damages in excess of $75,000.00;

-6-

b.  pre and post-judgment interest and cost; and

c.  reasonable attorney's fees, costs, and such other relief as the Court deems appropriate.

### Count II – (False Arrest/Imprisonment)
### (All Defendants)

29.  Plaintiff incorporates by reference paragraphs 8-24 as if fully set forth herein.

30.  On or about July 21, 2019 Defendant Khan unlawfully arrested and detained Plaintiff, without probable cause and although she committed no act to subject her to arrest, imprisonment, restraint or detention.

31.  As a direct and proximate result of the actions of Defendants, Plaintiff suffered discomfort, distress and loss of liberty; and has suffered and will continue to suffer psychological harm, mental anguish, including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested and imprisoned.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a.  compensatory and punitive damages in excess of $75,000.00;

b.  pre and post-judgment interest and cost; and

c.  reasonable attorney's fees, costs, and such other relief as the Court deems appropriate.

### Count III – Malicious Prosecution
### (All Defendants)

32.  Plaintiff incorporates by reference paragraphs 8-24 as if fully set forth herein.

33. Defendants instituted or caused to be instituted criminal charges against Ms. Vest knowing there was no probable cause to arrest her for the traffic offenses.

34. The criminal charges terminated in Plaintiff's favor when the State's Attorney entered a *nolle prosequi* of all charges on July 12, 2021.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered degradation, mental anguish, emotional distress, and incurred significant lost wages and other financial disaster.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a.  compensatory and punitive damages in excess of $75,000.00;

b.  pre and post-judgment interest and cost; and

c.  reasonable attorney's fees, costs, and such other relief as the Court deems appropriate.

### Count IV – Violation of 42 U.S.C. Section 1981
### (Khan Only)

36. Plaintiff incorporates by reference paragraphs 8-24 as if fully set forth herein.

37. Plaintiff is a member of a racial minority (African American).

38. Defendant Khan acted with the intent to discriminate against Plaintiff because of her race.

39. Defendant Khan maintained a custom and/or practice of targeting African American and other minority groups, particularly African Americans, for arrests on false charges of traffic violations, particularly alcohol-related traffic offenses.

- 8 -

40. Defendant Khan's actions violated one or more provisions of 42 U.S.C. Section 1981 (a), including Ms. Vest having the same right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

41. As a direct and proximate result of the actions of Defendant Khan, Plaintiff suffered discomfort, distress and loss of liberty; and has suffered and will continue to suffer psychological harm, mental anguish, including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, and maliciously prosecuted.

WHEREFORE, Plaintiff demands judgment against Defendant Khan as follows:

a. compensatory and punitive damages in excess of $75,000.00;

b. pre and post-judgment interest and cost; and

a. statutory attorney's fees, costs, and such other relief as the Court deems appropriate.

### Count V – Violation of 42 U.S.C. Section 1983
### ( Khan Only)

42. Plaintiff incorporates by reference paragraphs 8-24 as if fully set forth herein.

43. During all of his interactions with Plaintiff on or about July 21, 2019, Trooper Khan was acting as an employee of the State of Maryland and under color of state law, including statutes, ordinances, regulations, customs and policies of his employer.

44. Defendant Khan unlawfully arrested and maliciously prosecuted Plaintiff, without probable cause, in violation of the 4th Amendment to the United States Constitution.

45. As a direct and proximate result of the actions of Defendant Khan, Plaintiff suffered discomfort, distress and loss of liberty; and has suffered and will continue to suffer psychological harm, mental anguish, including fright, shame, mortification, humiliation and

-9 -

embarrassment from the indignity and disgrace of being unlawfully arrested, and maliciously prosecuted.

WHEREFORE, Plaintiff demands judgment against Defendant Khan as follows:

a. compensatory and punitive damages in excess of $75,000.00;

b. pre and post-judgment interest and cost; and

c. statutory attorney's fees, costs, and such other relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands trial by jury on all claims raised in this Amended Complaint.

Respectfully submitted,

*/s/ Jeanett P. Henry*
Jeanett P. Henry [Bar No. 22571]
8403 Colesville Road
Suite 1101
Silver Spring, MD 20910
Tel.: (301) 562-1340
Email: jhenry2085@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July 2023 I served all counsel of record electronically with copies of this Amended Complaint (clean and redlined versions through CM/ECF.

*/s/ Jeanett P. Henry*
Jeanett P. Henry